IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RYAN PATRIC THOMAS, | |
| Plaintiff, | CIVIL ACTION NO.: CV614-16 |
| v. | |
| CO LT. JOSEPH HUTCHESON; LEROY KUBACHI; CO II ALMA BROWN; and ANTONIO MCLEOD, | |
| Defendants. | |

## ORDER

Presently before the Court are the parties' Objections to the Magistrate Judge's Report and Recommendation dated July 15, 2015. (Doc. 66.) After an independent and *de novo* review of the entire record, the Court **OVERRULES** the parties' Objections, (docs. 65, 67), concurs with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. Accordingly, Defendants' Motion for Summary Judgment, (doc. 52), is **GRANTED** in part and **DENIED** in part. Defendants' Motion as to Defendants Brown and McLeod is **GRANTED**, and Plaintiff's claims against Defendants Brown and McLeod are **DISMISSED**. The Motion as to Defendants Kubacki and Hutcheson is **DENIED**, and Plaintiff's claims against Defendants Kubacki and Hutcheson remain pending.

I.  **Background**

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983 on March 10, 2014, contesting certain

conditions of his confinement. (Doc. 1.) Plaintiff asserted that he informed Defendant Hutcheson on December 27, 2012, that Defendant Kubacki had threatened to harm him, yet Defendant Hutcheson failed to do anything about these threats. Plaintiff also asserted Defendants Hutcheson, Kubacki, Brown, and McLeod escorted him from the prison yard to his cell on this same date. Plaintiff maintained he and the Defendants arrived outside of his cell, and Defendant Kubacki used an excessive amount of force against him while the other three (3) Defendants were present and did nothing to assist Plaintiff. (Id.) After the requisite frivolity review, Plaintiff's Complaint was served against Defendant Kubacki based on Plaintiff's allegation that he used an excessive amount of force against Plaintiff and against Defendants Hutcheson, Brown, and McLeod based on Plaintiff's assertion that these Defendants failed to intervene on his behalf in Defendant Kubacki's alleged use of force against him. (Doc. 12.)

After conducting discovery, Defendants moved for summary judgment on all claims against them. (Doc. 52.) After review of Defendants' Motion, Plaintiffs' Response, and the parties' supporting materials, the Magistrate Judge recommended that Defendants Brown and McLeod be dismissed as Defendants but that Plaintiff's claims against Defendants Kubacki and Hutcheson remain pending. In response to the Magistrate Judge's Recommendation, Plaintiff and Defendants filed Objections.[1] (Docs. 65, 67.)

## II. Discussion

The Magistrate Judge set forth the extensive facts involved in this case and accurately set forth the law applicable to Defendants' Motion, and the Court need not recite that discussion at length here. The Court nevertheless addresses the parties' Objections.

---

[1] Plaintiff and Defendants do not object to the Magistrate Judge's recommended dismissal of Plaintiff's claims against Defendants Brown and McLeod, (doc. 65, p. 1; doc. 67, p. 2), and, therefore, the Court need not discuss the recommended dismissal of these two (2) Defendants any further.

2

A.  **Plaintiff's Objections**

Plaintiff objects to the Magistrate Judge's portrayal of events leading up to Defendant Kubacki's alleged use of excessive force while Plaintiff was being escorted to his cell. In particular, Plaintiff states he did not open the flap of the window on the cell next to his before he arrived at his cell. (Doc. 65, p. 2.) Plaintiff also states the videotaped surveillance footage shows that he was standing at his cell, and he is clearly seen turning his head and looking over his left shoulder at Defendant Kubacki. Plaintiff maintains he did not move any other body part. Plaintiff states the surveillance footage fails to show that he snatched away from officers or that he attempted to strike Defendant Kubacki with his left elbow before Defendant Kubacki used force against him. (Id.)

Plaintiff does not dispute that he opened the window of the cell neighboring his. However, Plaintiff's wish to distinguish at what specific point he did open the window is immaterial to a summary judgment analysis, even accepting Plaintiff's version of events as true. Only genuine disputes as to material facts are relevant for this Court's purposes. Fed. R. Civ. P. 56(a) (Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law."); see also Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989) ("A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question.).) This Court's construction of the parties' versions of events is not binding on the parties for trial purposes. Rather, the Court's construction of events is merely

to show that there exist genuine disputes as to facts material to Plaintiff's claims. The parties are free to present their version of events to a jury for its consideration. Plaintiff's Objection is **OVERRULED**.

Plaintiff also objects to page 1 of the Magistrate Judge's Report and Recommendation dated June 29, 2015. (Doc. 64.) As the Magistrate Judge withdrew that Report and reissued his recommended disposition of Defendants' Motion on July 15, 2015, (doc. 66), Plaintiff's Objection is **OVERRULED** as moot.

### B. Defendants' Objections

#### 1. Use of Force Assessment

In their Objections, Defendants assert that the Magistrate Judge erred in finding that the videotape of the use of force incident did not "obviously contradict" Plaintiff's account of events. (Doc. 67, p. 5) (citing Logan v. Smith, 439 F. App'x 798, 800 (11th Cir. 2011).) Defendants note Plaintiff's version of events from his Complaint and state the video does not reveal that Defendant Kubacki punched Plaintiff. Defendants also note Plaintiff does not dispute the accuracy of the incident or the short duration of the incident. (Id. at p. 4.)

The Court observes that the video surveillance reveals that the use of force incident between Plaintiff and Defendant Kubacki lasted for a short period of time, but, given the quality of the video, the Court cannot determine with any certainty whether Defendant Kubacki punched Plaintiff. The Court also observes that the video surveillance evidence does not appear to support a few of Plaintiff's "facts". However, these observations do not lead to the conclusion that Defendant Kubacki is entitled to summary judgment. Instead, the parties' differing version of events, particularly whether there was a need for any force at all and whether Defendant Kubacki used an appropriate amount of force, in addition to the video surveillance footage,

4

reveal genuine disputes as to facts material to Plaintiff's excessive use of force claim. The Magistrate Judge thoroughly discussed and analyzed the evidence, including the videotape and the parties' statements of events. The Magistrate also thoroughly assessed each of the factors involved in use of force claims, and the Court need not repeat itself at length here. The Court makes a few observations, however, in light of Defendants' Objections.

If this Court were to accept Defendants' version of events as true, it would have to assume that Defendant Kubacki gave an order to Plaintiff and Plaintiff ignored that order, an assertion that Plaintiff disputes. This stance would also require the Court to ignore Plaintiff's contentions that Defendant Kubacki threatened to physically harm him prior to this use of force incident. Of course, the Court cannot take such a stance when ruling on summary judgment. Moreover, to do so would eliminate a key determination for the trier of fact: whether Defendant Kubacki's use of force was necessary or whether that force was applied maliciously and sadistically.

Further, contrary to Defendants' contentions, the video surveillance footage is not dispositive of this central issue, nor does it "obviously contradict" Plaintiff's version of events. While the video footage may reveal occurrences contrary to Plaintiff's version of events, this same footage does not appear to be fully supportive of Defendants' contentions, either. Specifically, the Court notes Defendants' assertions that Plaintiff attempted to hit and spit on Defendant Kubacki; however, these asserted facts do not appear in the video footage. It is important to note, as the Magistrate Judge did, that the video does not reveal an unobstructed view of the use of force, and it was recorded without sound from some distance. Thus, there are undoubtedly events that occurred that simply are not revealed by the videotape.

"In cases where opposing parties tell different versions of the same events, one of which is blatantly contradicted by the record—such that no reasonable jury could believe it—a court should not adopt the contradicted allegations." Logan, 439 F. App'x at 800 (citing Pourmoghani–Esfahani v. Gee, 625 F.3d 1313, 1315 (11th Cir. 2010) (per curiam), and quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). "In the context of cases involving video evidence, this Court will accept the video's depiction over the opposing party's account of the facts where the video obviously contradicts that version of the facts. But, even where the entire series of events is recorded, video evidence is not obviously contradictory if it fails to convey spoken words or tone, or fails to provide an unobstructed view of the events." Id. (citation omitted) (emphasis supplied); see also, Pourmoghani–Esfahani, 625 F.3d at 1315, 1316 n.2 (wherein the Eleventh Circuit Court of Appeals "declined to rely on video evidence to discredit the plaintiff's version of events entirely, because the video lacked sound and was periodically obstructed."). The video footage of the use of force incident is not obviously contradictory to Plaintiff's account, nor is it fully supportive of Defendants' contentions such that the Court can grant summary judgment in favor of Defendant Kubacki.

Moreover, the Court notes that Defendants' Objections make it appear that counsel views each factor relevant to a use of force analysis on an individual basis and in a vacuum. However, a use of force analysis is one which requires the Court to weigh these factors as a whole. Even if a party meets one or more of these factors, this does not necessitate an automatic finding in favor of that party. The weighing of these factors clearly indicates genuine disputes which must be resolved by the trier of fact. In sum, Defendants' Objections as to the Magistrate Judge's findings on Plaintiff's use of force claim against Defendant Kubacki are **OVERRULED**.

## 2. Failure to Intervene/Failure to Protect Claims

Defendants contend the Magistrate Judge erred in adding a failure to protect claim against Defendant Hutcheson and in recommending this Court deny summary judgment on this claim. (Doc. 67, p. 10.) Defendants maintain they did not address the failure to protect issue in their Motion because that claim "is not an issue in this case." (Id.) Defendants also maintain Plaintiff cannot maintain a failure to protect or failure to intervene claim against Defendant Hutcheson.

The Court recognizes Plaintiff's Complaint was not specifically served upon Defendants on the basis of Plaintiff's failure to protect claim. However, the Magistrate Judge did not add this claim to Plaintiff's Complaint, as Defendants maintain. Rather, Plaintiff set forth a failure to protect claim at the initiation of his cause of action. (Doc. 1, p. 5) (including Plaintiff's contentions that he informed Defendant Hutcheson of Defendant Kubacki's alleged threats against Plaintiff, Defendant Hutcheson accusing Plaintiff of "snitching" and informing Plaintiff something was going to happen to him whether he left the yard or stayed, and that Plaintiff was escorted back to his cell a short time later while handcuffed.) Additionally, Plaintiff's Complaint was served on the basis of his contentions which set forth plausible Eighth Amendment violations, (doc. 12, p. 3), and a failure to protect claims falls under the Eighth Amendment umbrella. Further, Defendants were not without notice of the existence of this claim. A failure to protect claim was not dismissed during the frivolity review, which means that such a claim remained viable. The Court's function in conducting frivolity reviews of pro se prisoner complaints is to eliminate implausible claims; it is not to spoon feed opposing parties—the majority of whom are represented by counsel—as to each and every viable claim made by a

7

prisoner-plaintiff. See 28 U.S.C. § 1915A. The Magistrate Judge was correct in recommending Defendant Hutcheson not be granted summary judgment on Plaintiff's failure to protect claim.

Likewise, the Magistrate Judge was correct in recommending this Court deny Defendant Hutcheson summary judgment on Plaintiff's failure to intervene claim. Based on the record before the Court, it is a possibility a jury could find Defendant Hutcheson had superior knowledge of a charged situation between Plaintiff and Defendant Kubacki, that Defendant Hutcheson allowed Plaintiff and Defendant Kubacki to be around each other shortly after he obtained this knowledge, that Defendant Hutcheson did not step in to intervene during the escalation of this situation, and that Defendant Hutcheson was in a position to intervene and failed to do so. Defendants' Objections as to the Magistrate Judge's recommended disposition as to Defendant Hutcheson are **OVERRULED**.

### C. Defendants' Remaining Objections

Defendants' remaining Objections merely reveal their displeasure with the Magistrate Judge's recommended disposition of the remaining grounds of their Objections. These arguments were already properly addressed by the Magistrate Judge, and Defendants' displeasure is an insufficient ground to reject the Magistrate Judge's recommendations. The Court concurs with the Magistrate Judge's analyses, and Defendants offer no grounds to disturb the Magistrate Judge's conclusions. Defendants Objections are **OVERRULED**.

### III. Conclusion

Plaintiff's and Defendants' Objections, (docs. 65, 67), to the Magistrate Judge's Report and Recommendation, (doc. 66), are **OVERRULED**. The Magistrate Judge's Report and Recommendation is **ADOPTED** as the opinion of the Court. Defendants' Motion for Summary Judgment, (doc. 52), is **GRANTED** in part and **DENIED** in part. Defendants Brown and

McLeod are **GRANTED** summary judgment in their favor, and Defendants Brown and McLeod are **DISMISSED** as Defendants. Defendants Kubacki and Hutcheson are **DENIED** summary judgment, and <u>all</u> of Plaintiff's claims against these Defendants shall remain pending.

**SO ORDERED**, this 26th day of August, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA